IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00096-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ANTONIO GONZALEZ-CEPEVA,
2. ALBERTO QUINTERO
3. ELIAS RAFAEL GONZALEZ-CABRERA
4. JESUS QUINTERO, JR.
5. GABRIEL SOWELL
6. TOMAS GONZALEZ-VILLALOBOS
7. RACQUEL RAMOS-SANCHEZ
8. RAFAEL QUINTERO GOMEZ
9. DEBBI MARTINEZ
10. WILLIAM BREWER
11. JUAN MANUEL QUINTERO
12. PORFIRIA ALEJANDRA FARIAS-CONTRERAS
13. MARIA FARIAS-CONTRERAS
14. SERGIO SALAZAR-TORRES
15. JESUS MONTELONGO-TALAVERA
16. JOSE OCEGUERA-RAMIREZ
17. JOSE CASTANEDA-ZAMORA
18. JESUS QUINTERO, SR.
19. RAUL RAMIREZ-MUNOZ
20. ALBERTO ROEL
21. HECTOR JESUS TREJO-HUERTA
22. JUAN MONTELONGO
23. ROBERT SCHAFFER
24. JESSICA TREJO-HUERTA
25. NOE CHAVEZ-GOMEZ
26. SERVANDO GANDARA-CHAVEZ
27. RAMONA HARO-INIQUEZ

    Defendants.

**ORDER**

This matter comes before the Court on the Joint Motion by Certain Defendants to Vacate and Reset Motions Deadline and Motions Hearing Dates, and for an Ends of Justice Exclusion Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Docket No. 497], wherein fourteen of the nineteen defendants who have appeared in this case ask the Court to exclude an additional 60 days from the Speedy Trial period.[1] The United States does not object to the motion. *Id.* at 4.

In its June 27, 2014 Order excluding time from the Speedy Trial period, the Court noted the voluminous discovery, the large number of defendants, the translation issues, and the likely wiretap motions as grounds to exclude time under the Speedy Trial Act. Contrary to the representation in the motion, the Court excluded 180 days, not 120 days, from the Speedy Trial period, which was a more realistic review of the time that defense counsel would need to file motions and prepare for trial. *See* Docket No. 248 at 6. The movants seek the exclusion of an additional 60 days on the grounds that they have not been able to adequately review the discovery, Docket No. 497 at 3-4, but fail to identify why they have been unable to do so by November 21 and fail to identify why an additional 60 days, as opposed to some greater or lesser amount of time, would enable them to complete their review. Good answers to these questions undoubtedly exist since counsel for fourteen defendants have filed the motion, but without such answers the Court finds that the motion is inadequate. *See, e.g. United States v. Toombs*, 574 F.3d 1262, 1272 (10th Cir. 2009) (noting that the district court failed to

---

[1] The filing defendants did not receive an indication from defendants Antonio Gonzalez-Cepeva, Debbi Martinez, Juan Montelongo, or Jesus Montelongo-Talavera whether they supported or opposed the motion.

inquire about or consider whether the respective events at issue "necessarily" required additional preparation). Moreover, the Court will not schedule a hearing in the next few days before the November 21 motions deadline to obtain these answers orally given the large number of defendants and the impact short notice would have on the Marshals Service. Thus, the movants are directed to supplement their motion by addressing these issues.

Wherefore, it is

ORDERED that movants shall supplement the Joint Motion by Certain Defendants to Vacate and Reset Motions Deadline and Motions Hearing Dates, and for an Ends of Justice Exclusion Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Docket No. 497] and further indicate whether counsel for each defendant has conferred with his or her client and whether the clients consent to the amount of the requested exclusion. It is further

ORDERED that defendants Antonio Gonzalez-Cepeva, Debbi Martinez, Juan Montelongo, and Jesus Montelongo-Talavera shall file a response to the Joint Motion by Certain Defendants to Vacate and Reset Motions Deadline and Motions Hearing Dates, and for an Ends of Justice Exclusion Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Docket No. 497] or on before November 19, 2014.

DATED November 17, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge